United States District Court
District of Massachusetts

| | |
|---|---|
| Samuel Bourne, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 16-12334-NMG |
| Roy E. Gardner and Town of East Bridgewater, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

This cases involves a land dispute between Samuel Bourne ("Bourne" or "plaintiff"), the Town of East Bridgewater, Massachusetts ("the Town") and the Chairman of its Planning Board, Roy E. Gardner (collectively, "defendants"). Bourne generally alleges that defendants violated his constitutional right to due process and that their actions prevented him from acquiring the subject parcel of land, in violation of the Takings Clause of the Fifth Amendment to the United States Constitution.

Pending before the Court are defendants' motion to dismiss plaintiff's claims, or, alternatively, to transfer the case to state court and plaintiff's motion to amend his complaint. For the reasons that follow, defendant's motion to dismiss will be allowed and plaintiff's motion to amend will be denied.

I.  **Background**

On March 17, 2016, Bourne acquired title to a parcel of land known as "Lot 31" in East Bridgewater, Massachusetts. He recorded the deed on April 1, 2016 with the Plymouth County Registry of Deeds ("the Registry of Deeds").

On June 30, 2016, Roy Gardner ("Gardner"), the Chairman of the Planning Board for the Town of East Bridgewater wrote Bourne a letter in which he notified Bourne that the acquisition of Lot 31 violated several local zoning ordinances. The following day, Gardner's letter was recorded with the Registry of Deeds.

In response to Gardner's letter, Bourne filed a complaint in the Massachusetts Superior Court for Plymouth County, asserting claims against Gardner and the Town for 1) slander of title, 2) negligence, 3) quiet title and 4) "injunction to restrain nuisance".

Meanwhile, Bourne also filed suit against Gardner and the Town in this Court in November, 2016. Although the factual allegations are nearly identical, here Bourne alleges three causes of action:  1) "ultra vires" (Count I), 2) due process violations (Count II) and 3) unlawful taking (Count III).

In December, 2016, defendants moved to dismiss this case or, in the alternative, to transfer plaintiff's claims for resolution in the state court case. While that motion was

pending plaintiff filed a motion to amend his complaint, seeking to add Dorothy L. Simpson ("Simpson"), a secretarial clerk who works for the Town under Gardner, as a defendant and two causes of action: conspiracy against Gardner and Simpson and intentional interference with contractual relations against all defendants. This memorandum addresses both pending motions.

## II. The Pending Motions

### A. Legal Standards

#### 1. Motion to Dismiss

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

### 2. Motion to Amend

The Court has broad discretion under Fed. R. Civ. P. 15(a)(2) to allow the plaintiff to amend his pleadings and "should freely give leave when justice so requires." United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009). Courts may deny such leave to amend, however, if the amendment would be "futile". Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). In determining whether an amendment would be futile, the Court applies the same standard which it applies to motions to dismiss under Rule 12(b)(6). Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).

### B. Application

#### 1. Defendant's Motion to Dismiss or Transfer

The "prior pending action" doctrine provides that, to ensure judicial efficiency and avoid inconsistent judgments,

> the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical

> relief is sought, constitutes good ground for
> abatement of the later suit.

Quality One Wireless, LLC v. Goldie Grp., LLC, 37 F. Supp. 3d 536, 540-41 (D. Mass. 2014).  The doctrine permits a court to stay or dismiss the later action if 1) there is an "identity of issues" between the earlier and later cases and 2) the earlier action will determine the controlling issues in the later case. Id. at 541.

An examination of the pleadings in the public record establishes that the "prior pending action" doctrine bars plaintiff's claims against Gardner and the Town in this action.

Plaintiff's claims against defendants in this case and the state court case concern a letter sent (and later recorded at the Registry of Deeds) by Gardner which has allegedly clouded plaintiff's title to Lot 31.  The witnesses and documents at issue in both cases, the parties and the claimed damages are all the same.

Moreover, the result of the state court litigation will be binding on this court. See Spencer v. Dookhan, No. 16-cv-12076, 2017 WL 2785423, at *4 (D. Mass. June 27, 2017) (explaining that, in the context of § 1983 claims raised in federal court, federal courts must give "preclusive effect" to Massachusetts state court judgments involving the same parties and issues).

Finally, the fact that plaintiff could have amended his complaint in state court to add the causes of action raised here, see Haywood v. Drown, 556 U.S. 729, 735 (2009) (recognizing that state courts have jurisdiction over § 1983 claims), supports dismissal. Cf. Quality One at 541 ("[W]hen it is possible that, through amendment, each action may contain all of the issues and parties presently contained in either action, the continuation of the first action to be filed is favored." (quoting Holliday v. City of Newington, No. 3:03CV1824, 2004 WL 717160, at *1 (D. Conn. Mar. 19, 2004))).

Accordingly, defendants' motion to dismiss plaintiff's complaint will be allowed and the claims will be dismissed without prejudice.

### 2. Plaintiff's Motion to Amend

Plaintiff seeks to amend his complaint to add Simpson and two causes of action because he "discovered" new evidence. Defendants respond that such evidence was information they provided as part of discovery in the pending state court case and, in any event, the proposed amendments would be futile because the new claims are subject to dismissal.

First, the addition of Simpson as a defendant does not save plaintiff's original three claims, which are repeated in his proposed amended complaint, from application of the prior pending action doctrine. See id. ("The parties in the two suits

need not be identical; they need only share sufficient congruence of interests." (citing <u>Whitten Ranch, Inc.</u> v. <u>Premier Alfalfa, Inc.</u>, No. 4:09CV3007, 2009 WL 1844482, at *2 (D. Neb. June 18, 2009)).  Here, plaintiff alleges that the Gardner and Simpson worked with each other to cloud title to his property. Thus, both individuals have the same interest in the outcome of the case. <u>See</u> <u>Whitten Ranch</u>, 2009 WL 1844482, at *2.

In Count IV of his proposed amended complaint, plaintiff alleges that the individual defendants (Gardner and Simpson) conspired against him, in violation of 42 U.S.C. § 1985(3).[1] Gardner and Simpson maintain that they entitled to qualified immunity.

In the context of § 1985(3) claims, to be entitled to qualified immunity, Gardner and Simpson must not have known, or could not have predicted, that the statute would preclude them corresponding with each other about the subject letter. <u>See</u> <u>Ziglar</u> v. <u>Abbasi</u>, 137 S. Ct. 1843, 1867 (2017).

Here, the fact that Gardner and Simpson work as part of the same agency establishes that they are entitled to qualified immunity because it is unlikely that government officials within

---

[1] Defendants contend that plaintiff has stated a claim for conspiracy against the Town as well as against the individual defendants but the allegations in Count IV only refer to Gardner and Simpson.

a single agency could conspire with each other for the purpose a of § 1985(3) claim. Id. at 1867-69.

Moreover, the statute requires that the conspiracy be based upon "class-based animus," Aulson v. Blanchard, 83 F.3d 1, 4 (1st Cir. 1996), and plaintiff has made no such allegation.

Thus, Count IV of the proposed amended complaint is subject to dismissal.

In Count V of the proposed amended complaint, plaintiff claims that Gardner, Simpson and the Town intentionally interfered with his "contractual relations". With respect to the claims asserted against Gardner and Simpson, defendants contend that plaintiff has not alleged any improper conduct on their part. The Court agrees.

To state a claim for intentional interference with contractual relations, plaintiff must allege facts that show that Garnder and Simpson acted "for an improper purpose or by improper means." Swanset Dev. Corp. v. Taunton, 668 N.E.2d 333 (Mass. 1996). Plaintiff's conclusory allegations that they "rushed to . . . directly interfere" with his land deal are not sufficient to state a claim upon which relief can be granted. In re Ariad Pharm., Inc. Sec. Litig., 842 F.3d 744, 750 (1st Cir. 2016) ("[The Court] need not credit the plaintiffs' legal conclusions or characterizations." (internal quotation marks

omitted) (quoting In re Bos. Sci. Corp. Sec. Litig., 686 F.3d 21, 27 (1st Cir. 2012))).

With respect to plaintiff's claim against the Town, the Massachusetts Tort Claims Act, M.G.L. c. 258, § 10(c), expressly bars such claims.

Accordingly, Count V is also subject to dismissal. Plaintiff's proposed amendment would thus be futile.

**ORDER**

In accordance with the foregoing,

1) defendants' motion to dismiss (Docket No. 8) is **ALLOWED** and

2) plaintiff's motion to amend his complaint (Docket No. 15) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 7, 2017